**IN THE UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF GEORGIA**
**ATLANTA DIVISION**

CAMILLA L. LOWE, by and through her proposed next friend Rev. Burdette D. Lowe

Plaintiff,

v.

UNITED STATES OF AMERICA,

Defendant.

Civil Action No.
1:25-cv-05291-VMC

**ORDER**

Before the Court are the following motions

- Motion of Rev. Burdette D. Lowe to Proceed as Next Friend by Camilla L. Lowe ("Next Friend Motion," Doc. 2);
- Motion of Camilla L. Lowe by Rev. Burdette D. Lowe to file Electronically (Doc. 4);
- Defendant United States of America's Motion to Dismiss (Doc. 12); and
- Defendant United States of America's Motion to Stay (Doc. 13).

For the reasons below, the Court enters the following Order.

**Background**

On September 16, 2025, Rev. Burdette D. Lowe filed this civil action, purportedly as next friend to Plaintiff Camilla L. Lowe. (Doc. 1). Rev. Lowe is Plaintiff's niece and primary caregiver. (Doc. 2-1 ¶¶ 1–2). Plaintiff executed both a

Durable Health Care Power of Attorney and a Durable Financial Power of Attorney in favor of Rev. Lowe on October 20, 2022. (*Id.* ¶ 7). Rev. Lowe is not admitted to the Court's bar and does not appear to be a licensed attorney. No attorney has entered an appearance on her behalf.

Rev. Lowe filed the Next Friend Motion on September 16, 2025. (Doc. 2). She served it on Defendant United States on September 17, 2025. (Doc. 11).[1] The United States did not file a response to the Next Friend Motion, but did file a Motion to Dismiss on January 12, 2026, arguing among other things that Rev. Lowe cannot proceed as next friend *pro se*, because that would constitute the unlicensed practice of law. Rev. Lowe responded that Rule 17(c)(2) permits an incompetent person without a representative to sue by a next friend, and that in any case the United States failed to respond to her original Next Friend Motion. (Doc 16-1 at 9–10).

**Discussion**

The Court will grant the Motion to Dismiss in part and deny the Next Friend Motion. As the Court explains below, a non-lawyer cannot represent another person in federal court. And because the Court has a gatekeeping responsibility it must undertake before a party may proceed by next friend, the United States' lack

[1] Between October 1 and November 13, 2026, the case was stayed due to a lapse in appropriations. (Docs. 6, 7).

of formal opposition to the Next Friend Motion is irrelevant. The Court will give Plaintiff one final opportunity to obtain counsel.

The default rule in federal court is that parties can "conduct their own cases personally [i.e., *pro se*] or by counsel." 28 U.S.C. § 1654. But this is subject to the "general common-law rule" that "nonattorneys cannot litigate the interests of another." *Winkelman ex rel. Winkelman v. Parma City Sch. Dist.*, 550 U.S. 516, 536 n.1 (2007) (Scalia, J., concurring). Following the common law rule, "[t]he federal courts have consistently rejected attempts at third-party lay representation." *Herrera-Venegas v. Sanchez-Rivera*, 681 F.2d 41, 42 (1st Cir. 1982).

> One of many good reasons for distinguishing assistance and advice from representation is that a party may be bound, or its rights waived, by its legal representative. When that representative is a licensed attorney there are grounds for belief that the representative's character, knowledge and training are equal to the responsibility. In addition, remedies and sanctions are available against the lawyer that are not available against [a non-lawyer], including misconduct sanctions and malpractice suits.

*Id.* As the Fifth Circuit has explained in an opinion that binds this Court,[2] "[a]n ordered society has a valid interest in limiting legal representation to licensed attorneys . . . . [P]rohibiting laymen from representing other persons in court allows courts to impose upon lawyers the responsibility incident to the

[2] In *Bonner v. City of Pritchard*, 661 F.2d 1206, 1209 (11th Cir. 1981), the Eleventh Circuit adopted as binding precedent all decisions of the former Fifth Circuit issued before October 1, 1981.

professional spirit and appropriate to those who are 'officers of the court.'" *Guajardo v. Luna*, 432 F.2d 1324, 1324 (5th Cir. 1970). Whether or not this is correct as a matter of policy, it is the law, and the Court must follow it. The Court does not doubt that Rev. Lowe has Plaintiff's best interests at heart, but this does not impact the analysis.

Federal Rule of Civil Procedure 17(c) does not change this result. That rule allows "[a] minor or an incompetent person who does not have a duly appointed representative may sue by a next friend." But this provision does not override the general rule that a non-lawyer may not act on behalf of another person in federal court. *Devine v. Indian River Cnty. Sch. Bd.*, 121 F.3d 576, 581 (11th Cir. 1997) ("Turning to the merits of this appeal, we first conclude that neither 28 U.S.C. § 1654 nor Fed. R. Civ. P. 17(c) . . . permits a parent to represent his/her child in federal court."), *overruled in part on other grounds*, *Winkelman*, 550 U.S. at 521–22. Courts have authoritatively rejected the argument that Rule 17(c) allows a parent acting *pro se* to sue on behalf of a minor by next friend. *Id.* (citing *Osei–Afriyie v. Med. Coll. of Penn.*, 937 F.2d 876, 882–83 (3d Cir. 1991); *Cheung v. Youth Orchestra Found. of Buffalo, Inc.*, 906 F.2d 59, 61 (2d Cir. 1990); *Meeker v. Kercher*, 782 F.2d 153, 154 (10th Cir. 1986)). And because Rule 17(c) applies equally to "minors" and "incompetent persons," there is no reason to think the result would be any different for the holder of a power of attorney acting on behalf of an incompetent

person. *See Brooks v. Reynolds*, No. 1:24-cv-1460-SEG, 2024 WL 5697059, at *1 (N.D. Ga. Nov. 13, 2024) ("The instant petition was signed by and filed by Petitioner's brother Adom Brooks as Petitioner's 'counsel of record and next friend.' . . . [but] Adom Brooks is not licensed to practice law in Georgia, and he is not authorized to practice law in this Court.").

More importantly, application of the rule against *pro se* representation of others is not waivable by an opposing party for two reasons. First, as the Court alluded to earlier, it has a gatekeeping role to play before a person can act as next friend; "'next friend' standing is by no means granted automatically to whomever seeks to pursue an action on behalf of another," but must be established to the satisfaction of the Court. *Whitmore v. Arkansas*, 495 U.S. 149, 163–64 (1990). Second, "[a]bsent 'next friend' status, an individual lacks Article III standing to file a petition on another's behalf, thus stripping the district court of jurisdiction to consider the petition." *Francis v. Warden, FCC Coleman-USP*, 246 F. App'x 621, 622 (11th Cir. 2007) (citing *Whitmore*, 495 U.S. at 166). "Because standing is jurisdictional," *Stalley v. Orlando Reg'l Healthcare Sys.*, 524 F.3d 1229, 1239 (11th Cir. 2008), the Court "is obligated to inquire into" a plaintiff's standing "*sua sponte* whenever it may be lacking," and must dismiss the case if standing is not established. *Univ. of S. Ala. v. Am. Tobacco Co.*, 168 F.3d 405, 409 (11th Cir. 1999).

Thus, the United States did not need to respond to the Next Friend Motion to preserve its argument that Rev. Lowe cannot represent Plaintiff pro se.[3]

The Eleventh Circuit has held that improper *pro se* representation of another is a curable defect, and that a Court should provide an opportunity to obtain counsel. *Iriele v. Griffin*, 65 F.4th 1280, 1285 (11th Cir. 2023) (citing *Palazzo v. Gulf Oil Corp.*, 764 F.2d 1381, 1385 (11th Cir. 1985)). *See also* Fed. R. Civ. P. 17(a)(3) ("The court may not dismiss an action for failure to prosecute in the name of the real party in interest until, after an objection, a reasonable time has been allowed for the real party in interest to ratify, join, or be substituted into the action. After ratification, joinder, or substitution, the action proceeds as if it had been originally commenced by the real party in interest.").[4] Therefore, the Court will give Rev. Lowe and Plaintiff one final opportunity to seek counsel.

---

[3] Because Rev. Lowe cannot proceed as next friend pro se, she necessarily cannot receive electronic filing privileges, and so this motion is denied as well.

[4] The Court notes that several organizations provide free legal services to seniors and veterans such as Plaintiff, including Georgia Senior Legal Aid, (404) 389-9992 https://atlantalegalaid.org/get-help-2/ and State Bar of Georgia Military Legal Assistance Program, (404) 427-8765, http://www.gabar.org. Other resources may exist and the Court does not require that Plaintiff use any particular attorney or service.

## Conclusion

For the above reasons, it is

**ORDERED** that the Motion of Rev. Burdette D. Lowe to Proceed as Next Friend by Camilla L. Lowe (Doc. 2) is **DENIED**. It is

**FURTHER ORDERED** that the Motion of Camilla L. Lowe by Rev. Burdette D. Lowe to file Electronically (Doc. 4) is **DENIED**. It is

**FURTHER ORDERED** that Defendant United States of America's Motion to Dismiss (Doc. 12) is **GRANTED IN PART**, and the Court will dismiss this civil action without prejudice for lack of subject matter jurisdiction unless Plaintiff obtains counsel within 21 days from the date of entry of this Order. It is

**FURTHER ORDERED** that Defendant United States of America's Motion to Stay (Doc. 13) is **GRANTED** and this case is stayed pending further Order of the Court.

**SO ORDERED** this 2nd day of September, 2026.

Victoria Marie Calvert
United States District Judge